UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CR-00722 SEP |
| | ) | |
| BILLY JOE PARRISH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant Billy Joe Parrish, Jr., represented by defense counsel John Lynch, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for the defendant's voluntary plea of guilty to Counts I and II of the Superseding Information, the government agrees to dismiss the Indictment pending against the defendant at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's Distribution, Receipt or Possession of Child Pornography between January 2017 and March 2018, of which the Government is aware at this time. In

1

addition, the parties agree that the U. S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.

The parties further agree and recommend that the defendant be sentenced to a term of imprisonment within the range of five to ten years, and that neither party may request a sentence below or above that range. The parties understand and agree that the Court is not a party nor bound to follow this recommendation.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to, the following:

1.   LT1 RCA Cambio tablet;
2.   Olympus Camedia D395 digital camera containing a 16MB memory card;
3.   Samsung Sl605 digital camera containing an 8GB SanDisk memory card;
4.   Apple iPhone 5S cell phone;
5.   Alcatel OT871AG cell phone;
6.   Samsung SGH-A107 cell phone;
7.   USB drive; and
8.   Playstation 3 video game console.

The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 3.   ELEMENTS:

As to Counts I and II, the defendant admits to knowingly violating Title 18, United States Code, Section 1462, and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Transportation of Obscene Matters which he admits to knowingly committing and for which he admits there is a factual basis are: (1) the defendant knowingly used an interactive computer service to transport material in interstate or foreign commerce, (2) the

2

defendant knew the character or nature of the material at time of such use, and (3) the material was obscene.

**4.    FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

1.    On October 14, 2017, St. Louis County Police Department Special Investigations Unit identified a computer by IP address in the Eastern District of Missouri that was downloading and sharing child pornography through BitTorrent, a peer to peer file sharing program.

2.    Law enforcement made a direct connection with the computer and downloaded the following video file of child pornography:

-    "(pthc)sally full(6yo)VERY GOOD.mpg" - a graphic obscene video file depicting, in part, a prepubescent minor female in a black shirt and red socks in a lascivious display of her genitals, while her wrists are handcuffed and her ankles bound to a green device, and a pink cylindrical object is penetrating her vagina;

3.    Law enforcement identified that IP address assigned to the computer sharing the aforementioned child pornography resolves to a residence in Fenton, Missouri.

4.    Law enforcement discovered that the residence had previously been reported as being inhabited by the defendant, who is a registered sex offender.  The defendant was convicted in St. Louis County of forcible sodomy involving a minor in violation of Missouri Revised Statute, Section 566.060 on January 17, 1996.

5.    Law enforcement applied for and received a valid St. Louis County search warrant of the defendant's residence on February 26, 2018, and executed the warrant on March 1, 2018.

6.     The defendant was home when the search warrant was executed. Also present was his girlfriend.

7.     During the search, law enforcement seized several electronic items, including: (i) a LT1 RCA Cambio tablet (the "RCA tablet"); (ii) Olympus Camedia D395 digital camera containing a 16MB memory card; (iii) Samsung Sl605 digital camera containing an 8GB SanDisk memory card; (iv) Apple iPhone 5S cell phone; (v) Alcatel OT871AG cell phone; (vi) Samsung SGH-A107 cell phone; (vii) USB drive; and (viii) Playstation 3 video game console. Also seized from the residence was marijuana.

8.     The defendant consented to be interviewed in a police car outside his residence. The defendant was advised of his *Miranda* rights and he initially waived those rights and agreed to talk with law enforcement officers. The defendant stated that he had lived at the residence for approximately four years and that he is the only one in the residence who uses the internet. The defendant declined to make any additional statements.

9.     Law enforcement also interviewed the defendant's girlfriend. She was advised of her *Miranda* rights and she waived those rights and agreed to talk with law enforcement officers. She told officers that the defendant exclusively used the LT1 RCA Cambio tablet.

10.    The aforementioned electronic seized items were sent to the St. Charles County for forensic analysis. The forensic analysis confirmed that the defendant possessed child pornography on the LT1 RCA Cambio tablet.

11.    The LT1 RCA Cambio tablet was produced outside the State of Missouri. Forensic analysis revealed that the LT1 RCA Cambio tablet contained more than 263 carved images of child pornography, including depictions of sadistic or masochistic conduct (or other acts of violence),

4

and prepubescent minor children (including toddlers).  The files included, but were not limited to, the following:

a. "0F2408D1465C9EEF991E7289BE05C453F89FAD97.img" – a graphic obscene image file that depicts a prepubescent minor female holding an erect penis while it ejaculates;

b. "11E77EB3CE7E9476DC28CEEF662CA1DA2855280D.img" - a graphic obscene image file that depicts a prepubescent minor female in in a lascivious display of her genitals while he legs are bound;

c. "174C7B473514825E1A277F8996D0153108A970F8.img" – a graphic obscene image file that depicts a minor female in a lascivious display of her genitals and using an object on her vagina;

d. "2D810FAF13BBE69EBFAFF81B1FF8A6225D510AB3.img" – a graphic obscene image file that depicts a minor female performing oral sex on a male with her hands bound with rope above her head;

e. "38D423C3B8EE5D744D9787430FF1CAF99489A0CC.img" – a graphic obscene image file collage that depicts a toddler female engaging in oral and anal sex; and

f. "820A52077E4F6E5E8DF3824AA2D9E6B3B3C9D368.img" – a graphic obscene image file that depicts a female baby in a lascivious display of her genitals.

12.     Many of the obscene files of child pornography where found within a Mozilla Firefox file path.  In addition, forensic examination revealed that the LT1 RCA Cambio tablet had

been used to access numerous child pornography-indicative websites and video files from January 1, 2017, to March 1, 2018.

13.    The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

14.    In summary, the defendant admits that, on October 14, 2017, he knowingly used an interactive computer service for carriage in interstate and foreign commerce obscene maters, to wit, the graphic obscene video file entitled "(pthc)sally full(6yo)VERY GOOD.mpg." The defendant further admits that, on November 2, 2017, he knowingly used an interactive computer service for carriage in interstate and foreign commerce obscene matters, to with, a graphic obscene video filed entitled "0F2408D1465C9EEF991E7289BE05C453F89FAD97.img."

## 5.    STATUTORY PENALTIES:

As to Counts I and II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Transportation of Obscene Matters to which the defendant is pleading guilty is imprisonment of not more than five years, a fine of not more than $250,000, or both. The Court may also impose a period of supervised release of not more than three years.

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time). **The defendant understands that, as part of this agreement with the Government, and regardless of whether the Court decides to sentence the Counts consecutively or concurrently, he will request a total sentence of no less than 5 years.**

## 6.    U.S. SENTENCING GUIDELINES: 2018 MANUAL:

6

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.     Chapter 2 Offense Conduct:**

> **(1)     Base Offense Level:** The parties agree that the base offense level is **twenty-two (22)**, as found in Sections 2G3.1(c)(1) and 2G2.2(a)(2).
>
> **(2)     Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:
>
> > (i)     **Two (2)** levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"
> >
> > (ii)     **Four (4)** levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence;"
> >
> > (iv)     **Two (2)** levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material;" and
> >
> > (v)     **Three (3)** levels should be added pursuant to §2G2.2(b)(7)(B), because the offense involved "at least 150 images, but fewer than 300" of child pornography.

7

**b.** **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three (**3**) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: none.

**c.** **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is thirty (**30**).

**d.** **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.**    **Appeal:**    The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1)**    **Non-Sentencing Issues:**    The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).  This waiver specifically includes the right to challenge that any of matters transported by the defendant are obscene.

    **(2)**    **Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b.**    **Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States

9

Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

    **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is

10

employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

      **d.**    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      **e.**    **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **f.**    **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct

11

loss. The defendant agrees to provide full restitution to all victims of all charges in the Superseding Information.

      **g.**    **Forfeiture:**  The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: LT1 RCA Cambio tablet.  The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

      The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

      In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be

13

provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

8/11/22
_____
Date

_____
**KYLE T. BATEMAN**
Assistant United States Attorney

8/9/22
_____
Date

_____
**BILLY JOE PARRISH, JR**
Defendant

8/9/22
_____
Date

_____
**JOHN LYNCH**
Attorney for Defendant

15